IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

KEESHA RICHARDSON,
FIDELA DENNY, and
MARIA HUMPHREYS

CASE NO.: 2018-CA-002395

    Plaintiffs,

v.

OFFICE OF THE SEMINOLE COUNTY
TAX COLLECTOR

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiffs, KEESHA RICHARDSON ("Richardson"), FIDELA DENNY ("Denny"), and MARIA HUMPHREYS ("Humphreys"), by and through their undersigned counsel, and hereby sue Defendant, OFFICE OF THE SEMINOLE COUNTY TAX COLLECTORS ("SCTC"), a Florida public entity, alleging as follows:

### Jurisdiction, Parties and Venue

1. This is an action for damages in excess of $15,000.00, exclusive of interest, attorneys' fees and costs.

2. Plaintiff Richardson is an individual who resides in Volusia County, Florida and was previously employed by Defendant SCTC.

3. Plaintiff Richardson is an African-American female.

4. Plaintiff Denny is an individual who resides in Seminole County, Florida and was previously employed by Defendant SCTC.

5. Plaintiff Humphreys is an individual who resides in Seminole County, Florida and was previously employed by Defendant SCTC.

6. Defendant SCTC is a Florida public entity currently managed by the Seminole County Tax Collector, Joel Greenberg ("Mr. Greenberg"), with its main office located at 1101 E. 1st Street, Sanford, Seminole County, At all relevant times, SCTC has continuously employed more than 15 people.

7. This Court has jurisdiction over these claims based on the First Amendment of the United States Constitution, Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. 760.01, et. seq., and Civil remedies under 42 U.S.C. § 1981. This Court has jurisdiction pursuant to § 26.012(2)(a), Florida Statutes, as the matter in controversy, arising out of 42 U.S.C. $ 1981, exceeds $15,000.00. This action is therefore not recognizable by the county courts.

8. Venue is proper as all of the actions that gave rise to this action occurred or accrued in Seminole County, Florida and the Defendant is located in Seminole County, Florida.

9. All conditions precedent to the commencement of this action have been performed, have occurred, have been excused and/or waived.

## Exhaustion of Administrative Remedies

10. Prior to the filing of this civil action, Plaintiff Richardson timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations ("FCHR"). A copy of the Charge is attached as Exhibit A.

11. More than 180 days have elapsed since the filing of the charge with the FCHR and, therefore, Plaintiff Richardson is entitled to file suit under the FCRA.

## General Factual Allegations

12. Plaintiff Richardson began her employment with SCTC in September 1997 as a Customer Service Representative, and most recently served as a Branch Manager. Richardson worked for SCTC for over 19 years, starting as a customer service representative, then later promoted to work leader, and eventually becoming the Lake Mary Branch Manager.

13. Plaintiff Denny began her employment with SCTC in October 2006, and most recently served as a Branch Manager. Denny's performance consistently met or exceeded expectations.

14. Plaintiff Humphreys began her employment with SCTC in December 1997 and most recently served as a Supervisor. Humphreys worked for SCTC for 19 years, was an exemplary employee, having received above-average ratings on her performance evaluations.

15. All three Plaintiffs were employed with SCTC under the former Seminole County Tax Collector, Ray Valdes ("Mr. Valdes").

16. All three Plaintiffs campaigned and supported the re-election of the former Seminole County Tax Collector, Mr. Valdes, during the 2016 election cycle.

17. Richardson supported Mr. Valdes from June through September 2016 by attending promotional campaign events and debates, and by holding signs up in public promoting his re-election. Richardson participated in campaign events that were held during non-working hours. Mr. Greenberg was present at the same events as Richardson and therefore witnessed her efforts to support the re-election of Mr. Valdes. Additionally, Mr. Greenberg's staff members were present at many of the events and saw Richardson supporting Mr. Valdes.

18. Denny supported Mr. Valdes in July and August 2016 by walking precincts asking for votes, waiving signs at the polls, and displaying signs on her vehicle promoting his re-election. Denny also became active on her Facebook profile in support of Mr. Valdes. Specifically, Denny uploaded various pictures of signs supporting Mr. Valdes, and videos of him speaking at the Republican Convention in Cleveland, Ohio. Denny also asked her social media contacts to vote for Mr. Valdes and rebutted false information she had heard being spread about Mr. Valdes. Denny participated in campaign events that were held during non-working hours. Upon information and belief, Mr. Greenberg saw Denny's social media posts supporting

3

the re-election of Mr. Valdes. Additionally, Mr. Greenberg's staff members were present at many of the events and saw Denny supporting Mr. Valdes.

19. Humphreys supported Mr. Valdes in June and July 2016 by holding a sign in front of the Lake Mary Public Library and handing out campaign collateral while walking precincts. Humphreys participated in campaign events that were held during non-working hours. Mr. Greenberg saw Humphreys supporting Mr. Valdes in front of the Lake Mary Public Library. Additionally, Mr. Greenberg's staff members were present at many of the events and saw Humphreys supporting Mr. Valdes.

20. For the ten years prior to Mr. Greenberg's election, Plaintiff Richardson was involved in "round table" meetings where she was allowed to meet with Mr. Valdes and other Branch Managers to discuss updates on her location. Upon Mr. Greenberg's appointment to office, Branch Managers were no longer allowed to participate in round table meetings with Mr. Greenberg.

21. During Mr. Greenberg's transition into office, Richardson was given the impression that she would be considered for a promotion to Director of Branch Operations, but Amy Tyler was given the promotion. Ms. Tyler, who is Caucasian, did not campaign for Mr. Valdes.

22. Under Mr. Valdes, Richardson had been allowed to work a set schedule without having to work after 5:15PM. Once Mr. Greenberg was appointed, Plaintiff Richardson was assigned extended hours by Ms. Tyler under the threat of termination. However, SCTC allowed another Manager, Paula Prevatt, who is Caucasian, to refuse working extending hours without consequences. Richardson lodged a complaint about her new hours to Mr. Greenberg, but he assured her that it was a temporary "BETA" test and praised her performance.

23. On May 12, 2017, Plaintiff Richardson was terminated "at the will of the tax collector" despite Mr. Greenberg having previously praised her performance. Richardson was

4

replaced by Sonya Jones, who is Caucasian. Ms. Jones had been working directly under Ms. Prevatt before she was promoted to Richardson's position.

24.     Plaintiff Denny was accused of "unethical" behavior for campaigning for her then boss, Mr. Valdes, and was terminated on Mr. Greenberg's fourth day in office, which was January 6, 2017. Plaintiff Denny was told her termination was, "at the will of the Tax Collector."

25.     On January 6, 2017, Mr. Greenberg's fourth day in office, Plaintiff Humphreys was also terminated, "at the will of the Tax Collector." When the State of Florida investigated the reason for Denny's dismissal as she applied for unemployment, Greenberg's office responded as to why Denny was fired. His office responded, "her position was being closed," when in fact, a younger person was promoted to fill her position.

26.     As a result of the matters hereinafter described, Plaintiffs were required to retain the legal services of Burruezo and Burruezo, PLLC, to represent them in this cause and are bound and obligated to pay their attorneys a reasonable fee for their services.

### Count I – Violation of First Amendment Freedom of Speech (as to all Plaintiffs)

27.     Plaintiffs repeat and reallege paragraphs 1 through 26 above as though fully set forth herein.

28.     This is a cause of action for abridging the freedom of speech protected by the First Amendment of the United States Constitution.

29.     Plaintiffs engaged in their protected right to publicly campaign for the re-election of then Seminole County Tax Collector, Mr. Valdes.

30.     Mr. Greenberg became aware of the Plaintiffs' support of Mr. Valdes's bid for re-election.

31.     Plaintiffs were subjected to adverse employment actions after Mr. Greenberg was appointed to office with the knowledge that they had expressed their support for Mr. Valdes.

32. SCTC retaliated against Plaintiffs for expressing their support of Mr. Valdes' campaign for public office by terminating all of them.

33. As a direct and proximate result of the unlawful prohibition of speech to which Plaintiffs were subjected, Plaintiffs have suffered damages, including the loss of compensation, mental anguish and emotional distress, and loss of enjoyment of life. They have also incurred, and will continue to incur, legal fees and costs associated with the vindication of their rights.

WHEREFORE, Plaintiffs demand judgment against Defendant for back pay and other economic damages, front pay, compensatory damages, costs, interest, and reasonable attorney's fees, along with such other relief as this Court deems just and proper.

### Count II – FCRA: Race Discrimination (as to Plaintiff Richardson only)

34. Plaintiff Richardson repeats and realleges paragraphs 1 through 26 above as though fully set forth herein.

35. This is a cause of action for unlawful discrimination under the FCRA.

36. Plaintiff Richardson is a member of a protected category because she is African-American.

37. Defendant intentionally discriminated against Plaintiff Richardson because of her race, as set forth in the preceding paragraphs, in violation of the FCRA.

38. Plaintiff Richardson was subjected to an adverse employment action when she terminated.

39. SCTC treated Caucasian Branch Managers more favorably than Plaintiff Richardson.

40. At all material times, Plaintiff Richardson was qualified to perform the essential duties of her position.

41. As a direct and proximate result of the unlawful discrimination to which Plaintiff Richardson was subjected, she has suffered damages, including the loss of compensation,

mental anguish and emotional distress, and loss of enjoyment of life. Plaintiff Richardson also has incurred, and will continue to incur, legal fees and costs associated with the vindication of her rights.

WHEREFORE, Plaintiff Richardson demands judgment against Defendant for back pay and other economic damages, front pay, compensatory damages, costs, interest, and reasonable attorney's fees, along with such other relief as this Court deems just and proper.

### Count III – Race Discrimination Under 42 U.S.C. § 1981 (as to Plaintiff Richardson only)

42. Plaintiff Richardson repeats and realleges paragraphs 1 through 26 above as though fully set forth herein.

43. This is a cause of action for unlawful race discrimination in employment under 42 U.S.C. § 1981.

44. SCTC terminated Richardson based on her race, as set forth in the preceding paragraphs, in violation of 42 U.S.C. § 1981.

45. SCTC promoted a Caucasian individual over Plaintiff Richardson and replaced Plaintiff Richardson with another Caucasian individual.

46. Plaintiff Richardson's race was a motivating factor in the decision to terminate her.

47. At all material times, Plaintiff Richardson was qualified to perform the essential duties of her position.

48. As a direct and proximate result of the unlawful discrimination to which Plaintiff Richardson was subjected, she has suffered damages, including the loss of compensation, mental anguish and emotional distress, and loss of enjoyment of life. Plaintiff Richardson also has incurred, and will continue to incur, legal fees and costs associated with the vindication of her rights.

WHEREFORE, Plaintiff Richardson demands judgment against Defendant for back pay and other economic damages, front pay, compensatory damages, costs, interest, and reasonable attorney's fees, along with such other relief as this Court deems just and proper.

WHEREFORE, Plaintiffs, Richardson, Denny, and Humphreys, respectfully pray for the entry of a judgment against Defendant, SCTC, for monetary damages in an amount to be determined at trial, plus pre-judgment interest, costs, and for such other and further relief as this Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs, Richardson, Denny, and Humphreys demand trial by jury on all issues and counts in this Complaint so triable as a matter of right.

DATED this September 5, 2018.

                                                         **BURRUEZO & BURRUEZO, PLLC**

By:   */s/ Carlos J. Burruezo, Esq.*
       **CARLOS J. BURRUEZO, ESQ.**
       Florida Bar Number 843458
       carlos@burruezolaw.com
       docketing@burruezolaw.com
       **BERTHA L. BURRUEZO, ESQ.**
       Florida Bar Number 596973
       bertha@burruezolaw.com
       **LOUIS MONTONE, ESQ.**
       Florida Bar Number 112096
       louis@burruezolaw.com
       941 Lake Baldwin Lane, Suite 102
       Orlando, Florida 32814
       Office: 407.754.2904
       Facsimile: 407.754.2905

       Attorneys for Plaintiffs, Richardson, Denny, and Humphreys

4816-9927-6913, v. 1

**EXHIBIT A**

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form. | Agency(ies)<br>_X_ FEPA<br>_X_ EEOC | Charge Number(s): |
|---|---|---|

**Florida Commission on Human Relations and EEOC**
*State or local Agency, if any*

| Name (indicate Mr. Ms. Mrs.)<br>Ms. Keesha Richardson | Home Phone (Incl. Area Code)<br>c/o Burruezo & Burruezo, PLLC<br>407.754.2904 | Date of Birth<br>■ 1972 |
|---|---|---|
| Street Address | City, State and ZIP Code | |

c/o Burruezo & Burruezo, PLLC, 941 Lake Baldwin Lane, Suite 102, Orlando, Florida 32814

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**Office of the Seminole County Tax Collector** | No. Employees, Members<br>**100+** | Phone No. (Include Area Code)<br>**(407) 665-1000** |
|---|---|---|
| Street Address | City, State and ZIP Code | |

**1101 E. 1st Street, Sanford, FL 32771**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON (Check appropriate box(es))<br>__ RACE  __ COLOR  _X_ SEX  __ RELIGION  _X_ NATIONAL ORIGIN<br>_X_ RETALIATION  _X_ AGE  __ DISABILITY  _X_ OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest            Latest<br>**January 2017 - May 2017**<br>___ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

I am a 45-year old African-American female. I was employed with the Office of the Seminole County Tax Collector ("SCTC") from approximately September 1997 through May 12, 2017, most recently, as a Branch Manager. Throughout my almost 20-year tenure at SCTC, my performance consistently met or exceeded expectations.

At the time of the 2016 election cycle and during my personal time, I attended events held in support of then Tax Collector, Ray Valdez. Mr. Joel Greenberg (Caucasian male), the now-elected Tax Collector became aware. Immediately upon his appointment to office, Mr. Greenberg began disregarding my input at round table meetings, denying me promotions, and assigning me to work extended hours under threat of termination. However, a less qualified, Caucasian individual was promoted to the position for which I applied and another Caucasian Branch Manager was allowed to voluntary turn down working extended hours without consequences. I complained directly to Mr. Greenberg and was then terminated in further retaliation for exercising my rights to free speech during the election period and based upon my complaints regarding Respondent's unlawful actions. I was replaced by a younger, Caucasian employee.

I believe I was discriminated against on the basis of my age, gender, and race in violation of Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act of 1992 and terminated in retaliation for exercising my rights to

1

**EXHIBIT A**

free speech as a citizen upon matters of public concern in violation of "The Constitution of the United States," Amendment 1. As a result of Respondent's unlawful actions, I have suffered an adverse employment action, tangible job detriment, monetary damages, emotional harm, and pain and suffering.

| | |
|---|---|
| I want this charge filed with the EEOC, Florida Commission on Human Relations, and the local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY — *Agency*<br>*Requirements*<br><br>CYNTHIA E. BENNETT<br>MY COMMISSION # GG 059351<br>EXPIRES: May 2, 2021<br>Bonded Thru Notary Public Underwriters |
| I declare under penalty of perjury that the above is true and correct.<br><br>10/4/17<br>Date — Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)*<br>10-4-17 |

EEOC FORM 5 (REV. 3/01)
4832-6171-8861, v. 1

Cynthia E Bennett
FL I.D: Driver's License
R263-515-72-919-0