UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:18-cv-1684-Orl-41TBS

KEESHA RICHARDSON, FIDELA
DENNY, and MARIA HUMPHREYS,

    Plaintiffs,

vs.

OFFICE OF SEMINOLE COUNTY
TAX COLLECTOR,

    Defendant.
_____/

## NON-PARTY RAY VALDES' MOTION FOR PROTECTIVE ORDER IN REGARD TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL MATTER AND INCORPORATED MEMORANDUM OF LAW

Non-party, RAY VALDES ("Mr. Valdes"), by counsel and pursuant to Federal Rule of Civil Procedure 26(c), hereby files his Motion for Protective Order and Incorporated Memorandum of Law against Defendant, Office of Seminole County Tax Collector (the "Defendant"), in regard to the Subpoena to Testify at a Deposition in a Civil Action, dated March 4, 2020, and states as follows:

### Introduction

In this action, Plaintiffs, KEESHA RICHARDSON ("Ms. Richardson"), FIDELA DENNY ("Ms. Denny"), and MARIA HUMPHREYS ("Ms. Humphreys") (collectively the "Plaintiffs") seek damages against Defendant for wrongful termination and violations of their First Amendment right to free speech. (Dkt. 1-2) Ms. Richardson also seeks damages based on race discrimination. (Dkt. 1-2) Mr. Valdes is the former Tax Collector for Seminole County. Mr. Valdes served as Tax Collector for Seminole County for 28 years until 2016 when he was defeated by Joel Greenberg

("Mr. Greenberg") in a highly contested election, during which Mr. Greenberg frequently made personal attacks against Mr. Valdes and made several degrading public comments concerning Mr. Valdes. Mr. Greenberg has fallen under intense scrutiny since taking office because of, among other things, impersonating a law enforcement officer, making racist comments, having his excessive budget rejected by the State, and trying to abuse the power of his office to escape a traffic ticket.[1]

Based on the allegations in the Plaintiffs' Complaint and Demand for Jury Trial (the "Complaint) (Dkt. 1-2), the Plaintiffs were all previously employed by Mr. Greenberg, and worked for Mr. Greenberg, after Mr. Valdes left office, until Mr. Greenberg fired them. The Plaintiffs were all terminated by Mr. Greenberg once he took office. This was after Mr. Valdes was no longer serving as Tax Collector. Mr. Valdes has no knowledge as to the operative facts. Mr. Valdes is not expected to be called as a witness by the Plaintiffs. Neither party identified Mr. Valdes as an interested person. (Dkt. 8,9) Defendant did not identify Mr. Valdes as a potential witness on its Rule 26 Disclosures. As such, it is clear the only reason Mr. Greenberg wants to depose Mr. Valdes is to try to harass and abuse him.

Defendant has no legitimate basis or need to depose Mr. Valdes and the requested deposition has no bearing on the outcome of the case. Forcing Mr. Valdes to endure a deposition by

---

[1] *See* Martin E. Comas, "*Group call on Seminole Tax Collector Joel Greenberg to resign for 'Islamophobic' Facebook post*," Orlando Sentinel, Aug. 20, 2018; Martin E. Comas, "*Seminole Tax Collector Joel Greenberg has history of controversial social media posts*," Orlando Sentinel, Aug. 31, 2018; Martin E. Comas, "*Seminole Tax Collector Joel Greenberg asks for 'professional courtesy' after ticketed for speeding,*" Orlando Sentinel, Jan. 24, 2018; Martin E. Comas, "*Seminole Tax Collector Joel Greenberg budgets $106K on travel – much more than Orange, Lake, and Osceola*," Orlando Sentinel, Nov. 15, 2019; Lauren Ritchie, "*Seminole tax collector Joel Greenberg accused of soliciting hacker to attack county computers*," Orlando Sentinel, Jan. 24, 2020; Dave McDaniel, "*Seminole County tax collector accused of impersonating police officer,*" wesh.com, Dec. 14, 2017.

a former political opponent is not proportional to the needs of the case considering the importance of the issues at stake in the action, the small amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

      Mr. Valdes left office almost 4 years ago, before the events that gave rise to this lawsuit. He possesses no information regarding any of the allegations in the Complaint relating to the termination and discrimination against the Plaintiffs.  He is not aware of any facts to support or challenge the decision by Mr. Greenberg to terminate the Plaintiffs. The Defendant, as the current Tax Collector, is in possession of all employment records and documents relating to the Plaintiffs' former employment.  The only reason Defendant set Mr. Valdes for a deposition is to continue a political witch hunt that started on the campaign trail years ago. As such, Mr. Valdes should be protected from the requested deposition.

## Argument

**I.    THE COURT SHOULD PROTECT MR. VALDES FROM HAVING TO TESTIFY IN THIS CASE BECAUSE HE IS A FORMER HIGH RANKING PUBLIC OFFICIAL AND HIS TESTIMONY IS NOT RELEVANT TO THE ISSUES.**

      Mr. Valdes, as the former Tax Collector for Seminole County, Florida, is entitled to heightened protection from deposition due to his status as a former public official.  Rule 26(b)(1) sets forth the scope of permissible discovery in this action and states in relevant part as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P., 26(b)(1). Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). "A district court has broad discretion when fashioning protective orders." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987).

Public officials, and former public officials, are entitled to heightened scrutiny when it comes to deposition requests which require a showing of more than just mere relevance. Courts generally restrict parties from deposing high ranking officials without personal knowledge of the issues being litigated "because [such persons] are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts." *Gray v. Kohl*, No. 07-10024, 2008 WL 1803643 (S.D. Fla. April 21, 2008) (quoting *Simon v. Pronational Ins. Co.*, No. 07-60757-CIV (S.D.Fla.2007)). Courts should determine whether the person from whom testimony is sought is entitled to the heightened protection, and then whether the individual has personal knowledge of pertinent facts. *Id.* If not, then there is good cause to prohibit his deposition by entry of a protective order. *Id.*

In *Cruz v. Green*, No.: 18-60995-CIV (S.D. Fla. 2019), the court in the Southern District of Florida ruled on a motion for protective order brought by former Broward County Sheriff Scott Israel, a non-party, relating to a request to depose him in a civil matter. The court extended the heightened protection afforded to public officials to include former public officials, and held that the request to depose Mr. Israel, as a former high ranking official, was subject to enhanced scrutiny that required a showing of more than just relevance. *Id.* at 2-3. The court ultimately granted Mr. Israel's motion for protective order, prohibiting the deposition. *Id.* at 4. The court declined to determine if Mr. Israel had any personal knowledge of the issues due to the early

4

stages of litigation, but commented that even if Mr. Israel did have any personal knowledge, the parties should first seek discovery from other sources, including lower ranking officials. *Id.* at 4.

In this case, Mr. Valdes, as the former Tax Collector and a constitutional officer (just like Sheriff Israel), is clearly a former high-ranking official who is entitled to additional protection from this type of discovery. Mr. Valdes was an elected official who served as the Tax Collector for Seminole County, Florida, for nearly three decades. Further, he was an official who received much media attention during his last re-election campaign due to the antics, negative public comments, and smear campaign run by Mr. Greenberg. Even if Mr. Valdes had knowledge of the events that occurred after he left office (which he does not) then the Defendant should still not be permitted to take his deposition at this point. As such, his deposition, if allowed at all, should only be after the depositions of other lower ranking officials who may have knowledge that may actually affect the outcome of the case for either party.

**II.    THE TESTMIONY OF MR. VALDES IS NOT RELEVANT TO THE CLAIMS RAISED IN THIS CASE AND IS NOT PROPORTIONAL TO THE NEEDS OF THIS CASE.**

Even if Mr. Valdes was not a former public official entitled to heightened protection, the Defendant still has not shown that it is entitled to depose Mr. Valdes. Parties are only entitled to discovery if it is <u>relevant</u> to Plaintiffs' claims and <u>proportional</u> to the needs of this case. *See supra* quote of Rule 26(b)(1), p. 6. Neither of these elements are present here.

As explained above, the basis for the Plaintiffs' allegations are that they were wrongfully terminated after Mr. Greenberg became Tax Collector. Mr. Valdes had already left office when the Plaintiffs were terminated. Mr. Valdes was not involved in the decision to terminate the Plaintiffs. He was not present for any communications or discussions regarding the termination of the Plaintiffs. He was not consulted regarding the decision to terminate the Plaintiffs. The

pleadings demonstrate this reality and state that the Plaintiffs were terminated because they previously worked for Mr. Valdes and were involved in his election campaign. (Dkt. 1-2) This fact does not warrant the deposition of Mr. Valdes.

Further, the Plaintiffs do not plan to call Mr. Valdes as a witness in this case. Mr. Valdes was also not identified by the Defendant in its Rule 26 Initial Disclosures. Mr. Valdes has no documents in regard to either party's claim or defense. As such, there is no legal relevance to any testimony of Mr. Valdes. *See Paxton v. Landesk Software, Inc*., 332 F.R.D. 368 (M.D. Fla. 2019) (holding that former employer failed to show how discovery sought from former employee's prior employers was relevant or proportional to needs of employee's discrimination case).

Regarding the proportionality requirement, Rule 26(b)(1) lists the following factors for determining if discovery is proportional to the needs of the case: a) "the importance of the issues at stake in the action;" b) "the amount in controversy;" c) "the parties' relative access to relevant information;" d) "the parties' resources;" and e) "the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See supra* p. 6. Application of these factors to Defendant's request to depose Mr. Valdes plainly demonstrates that Mr. Valdes' testimony is not proportional to the needs of this case.

First, and as explained above, this is a standard wrongful discharge case, and is not a case that is of "great importance." Second, the amount in controversy in the Plaintiffs' claims is not a significant sum. Third, the Defendant already has access to any and all information it could ever ascertain from Mr. Valdes, including the Plaintiffs' prior employment records, employee files, performance reviews, etc.  Mr. Valdes no longer has access to any of these documents and

therefore his testimony would not be helpful. Fourth, Mr. Valdes is retired, he no longer serves as Tax Collector, and he has to pay for his own attorney to defend his deposition. In comparison, the Defendant has many resources at its disposal, and could easily obtain the information it seeks to elicit from Mr. Valdes by other means, including its own documents, and from deposing other individuals. Fifth, there is no importance in obtaining testimony from Mr. Valdes in this matter due to his lack of involvement and personal knowledge. Finally, the burden placed upon Mr. Valdes in requiring him to testify clearly outweighs any likely benefit because it is obvious that the sole purpose of this deposition is the continuation of a political vendetta against a former political opponent, and another opportunity for Mr. Greenberg to harass Mr. Valdes. Therefore, the deposition of Mr. Valdes is not relevant to any of the claims or defenses in this matter and not proportional to the needs of the case, and his deposition should not be permitted.

## Conclusion

Mr. Valdes is a former highly ranking public official who is subject to additional protection from harassing depositions (which is the only goal of the Defendant in this case). Mr. Valdes has no personal knowledge of the facts or issues being litigated, and his deposition would not have any relevance. Even if Mr. Valdes was not a former highly ranking public official, Defendant still fails to show how Mr. Valdes testimony is relevant and proportional to the needs of the case.

WHEREFORE, Mr. Valdes respectfully request that this Court enter an order protecting him from testifying in this matter, award attorneys' fees and costs, and provide for any other relief as the Court deems just and proper.

Dated: May 14, 2020.

Respectfully submitted,

/s/ Cameron S. Frye
BART R. VALDES
Florida Bar Number 323380
CAMERON S. FRYE
Florida Bar Number 105142
de Beaubien, Simmons, Knight,
  Mantzaris & Neal, LLP
609 West Horatio Street
Tampa, Florida 33606
Telephone: (813) 251-5825
Facsimile: (813) 254-1063
bvaldes@dsklawgroup.com
cfrye@dsklawgroup.com
Attorneys for Non-Party Ray Valdes

## CERTIFICATE OF GOOD FAITH CONFERENCE

On or about May 14, 2020, Cameron Frye, counsel for Mr. Valdes, had a conference with Chase Hattaway, counsel for the Defendant, to try to resolve the issues set forth in the Motion. The parties were unable to agree on the resolution of the Motion or otherwise resolve the issues set forth above.

/s/ Cameron S. Frye
CAMERON S. FRYE
Florida Bar Number 105142

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically furnished through the CM/ECF filing system to: Chase Ellis Hattaway, Esq., and Francis H. Sheppard, Esq., Rumberger, Kirk & Caldwell, PA, 300 S Orange Ave Ste 1400, Orlando, FL 32801, chattaway@rumberger.com, fsheppard@rumberger.com; Richard Douglas

Sierra, Esq., Seminole County Tax Collector, 766 N Sun Dr., Suite 1090, Lake Mary, FL 32746, richard.sierra@seminolecounty.tax; Bertha L. Burruezo, Esq., Carlos Burruezo, Esq., Deborah Frimmel, Esq., Burruezo & Burruezo, PLLC, 911 Outer Rd., Orlando, FL 32814, bertha@burruezolaw.com., on this 14th day of May, 2020.

/s/ Cameron S. Frye
CAMERON S. FRYE
Florida Bar Number 105142
