UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:18-cv-1684-Orl-41TBS

KEESHA RICHARDSON, FIDELA
DENNY, and MARIA HUMPHREYS,

      Plaintiffs,

vs.

OFFICE OF SEMINOLE COUNTY
TAX COLLECTOR,

      Defendant.

_____/

**OBJECTION TO MAGISTRATE JUDGE'S ORDER DEYNING NON-PARTY RAY VALDES' MOTION FOR PROTECTIVE ORDER IN REGARD TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL MATTER AND INCORPORATED MEMORANDUM OF LAW**

      Non-party, RAY VALDES ("Mr. Valdes"), by counsel and pursuant to Federal Rule of Civil Procedure 72(a), hereby files his Objection to the Order Denying Mr. Valdes' Motion for Protective Order in regard to the Subpoena to Testify at a Deposition in a Civil Action, dated May 22, 2020 (Doc. 36), and states as follows:

**BACKGROUND FACTS**

      This is a case for wrongful termination and employment discrimination filed by a group of Plaintiffs who were all previously employed by the Defendant, the Office of Seminole County Tax Collector (the "Defendant"). Mr. Valdes is the former Tax Collector for Seminole County who served as Tax Collector for Seminole County for 28 years until 2016 when he was defeated by Joel Greenberg ("Mr. Greenberg") in a highly contested election. During the campaign Mr. Greenberg frequently made personal attacks and degrading public comments concerning Mr. Valdes.  The

Plaintiffs all worked on Mr. Valdes' re-election campaign.

The Plaintiffs in this action, KEESHA RICHARDSON ("Ms. Richardson"), FIDELA DENNY ("Ms. Denny"), and MARIA HUMPHREYS ("Ms. Humphreys") (collectively the "Plaintiffs"), were all terminated by Mr. Greenberg <u>after</u> he became the Tax Collector for Seminole County, and <u>after</u> Mr. Valdes had left office. Mr. Valdes was not, in any manner, involved in the decision to terminate any of the Plaintiffs. He was not consulted prior to their termination. He was not questioned prior to their termination. He was not involved in their termination. His only knowledge of their termination is second-hand and after-the-fact.

Despite Mr. Valdes' clear lack of personal involvement and lack of personal knowledge regarding Defendant's termination of the Plaintiffs, Defendant has subpoenaed Mr. Valdes to testify at a deposition in this matter. On May 14, 2020, Mr. Valdes filed his Motion for Protective Order and Memorandum of Law in response to a Subpoena to Testify in a Civil Matter served by the Defendant (the "Motion"). (Doc. 26) Mr. Valdes argued that, as a former high-ranking public official, he was entitled to heightened protection from a harassing, irrelevant deposition. (Doc. 26, p. 3-5) Further, Mr. Valdes argued that this heightened scrutiny requires the party seeking discovery to demonstrate good cause and the court must analyze whether the information to be gained from the deposition can be obtained from other sources. (Doc. 26, p. 3-5) Mr. Valdes also argued that he does not have any personal knowledge of the issues being litigated because, as indicated above, he was no longer serving as Tax Collector at the time that the events that gave rise to this action occurred. As such, he could not have any knowledge to justify why Mr. Greenberg decided to terminate the Plaintiffs.

Defendant served its Response in Opposition to the Motion for Protective Order on May 18,

2020.[1]  (Doc. 28)  Defendant argued that it should be entitled to depose Mr. Valdes because the Plaintiffs may call him as a witness, the Plaintiffs listed Mr. Valdes as person who may have knowledge of the issues their initial Rule 26 Disclosures (along with 10 other individuals), and because Mr. Valdes submitted a short affidavit on behalf of one of the Plaintiffs during an administrative proceeding.[2]  (Doc. 28, 2-5)  However, the actual reason Defendant seeks to depose Mr. Valdes (which Plaintiffs alluded to in their Response) became clear in the "argument" portion of Defendant's Response and at the hearing before the Magistrate Judge.  Defendant claims that it should be entitled to depose Mr. Valdes regarding Mr. Valdes private business dealings including some alleged "purchase of tax certificates and tax deeds during his tenure as Tax Collector."  (Doc. 28, p. 9)  Also, with no citation or evidence to support such a statement, Defendant claimed that that Mr. Valdes was subject to an "ethics investigation" and that one of the Plaintiffs was "implicated" in this ethics investigation.[3]  (Doc. 28, p. 9)

It is no secret that these same smear tactics were used by Mr. Greenberg to attack Mr.

---

[1] Plaintiffs also served their Response in Opposition to the Motion for Protective Order on May 18, 2020. (Doc. 33)  Plaintiffs  argue that Mr. Valdes' is an important witness to testify that the Plaintiffs were exemplary employees while they served under Mr. Valdes, and that they participated in his re-election campaign in 2016.  (Doc. 33, p. 2)  Plaintiffs also agreed with Mr. Valdes that Defendant is likely to try and harass Mr. Valdes and attempt to elicit testimony concerning matters that have no relevance to the issues being litigated. (Doc. 33, p.2)  However, Plaintiffs did not address Mr. Valdes arguments regarding the heightened scrutiny afforded to current and former public officials, and did not provide any evidence or showing of an inability to obtain this information from other sources.

[2] Defendant filed a copy of this affidavit as an exhibit to its Response. (Doc. 28-1)  The affidavit, which is extremely brief,  was filed on behalf of Plaintiff, Keesha Richardson, in an administrative proceeding to the State of Florida Commission of Human Relations more than 2 years ago, and before this lawsuit was filed.  The affidavit simply states that Keesha Richardson worked for Mr. Valdes while he was Tax Collector and that she was an exemplary employee.

[3] Mr. Greenberg had a crony file a wholly false ethics complaint against Mr. Valdes during the campaign.  The Florida Ethics Commission found no probable cause for any violation and completely exonerated Mr. Valdes.  No Plaintiff was ever "implicated" and this is simply incorrect.

Valdes during the 2016 election campaign. Despite Mr. Greenberg's baseless and spurious campaign attacks, Mr. Valdes was never accused of violating any laws and never did anything illegal or unethical. Further, there is no evidence whatsoever that any Plaintiff was ever even investigated in association with Mr. Greenberg's vicious and false campaign attacks. Defendant conveniently has resurrected these false allegations and now chooses to rely on these false statements as the alleged basis for the termination of two of the Plaintiffs despite the fact that this was not even mentioned to any of the Plaintiffs as a reason for their termination until well after the lawsuit was filed. (Doc. 1-2)

In addition to being sued by three former managers (who are all minorities) it is a matter of public record that Mr. Greenberg's time in office has been littered with controversial and devious conduct. He has been accused of making racists and defamatory social media posts, impersonating a law enforcement officer, having his excessive budget rejected by the Department of Revenue, soliciting a hacker to attack the county's computers, trying to serve a trespass warrant on a county commissioner, and trying to abuse the power of his office to escape a traffic ticket.[4] Mr. Greenberg was even rebuked by the Attorney General for the State of Florida for trying to issue badges to himself and his senior staff and openly carrying firearms around his office under the guise that he

---

[4] *See* Martin E. Comas, "*Group call on Seminole Tax Collector Joel Greenberg to resign for 'Islamophobic' Facebook post*," Orlando Sentinel, Aug. 20, 2018; Martin E. Comas, "*Seminole Tax Collector Joel Greenberg has history of controversial social media posts*," Orlando Sentinel, Aug. 31, 2018; Martin E. Comas, *"Seminole Tax Collector Joel Greenberg asks for 'professional courtesy' after ticketed for speeding,"* Orlando Sentinel, Jan. 24, 2018; Martin E. Comas, "*Seminole Tax Collector Joel Greenberg budgets $106K on travel – much more than Orange, Lake, and Osceola*," Orlando Sentinel, Nov. 15, 2019; Lauren Ritchie, "*Seminole tax collector Joel Greenberg accused of soliciting hacker to attack county computers*," Orlando Sentinel, Jan. 24, 2020; Dave McDaniel, "*Seminole County tax collector accused of impersonating police officer,"* wesh.com, Dec. 14, 2017; Martin E. Comas, "*Seminole County Tax Collector Clashes with Commissioner Brenda Carey, bans her from his offices,*" Orlando Sentinel, Aug. 8, 2017.

was a "revenue officer."[5]   Defendant's attempt to take Mr. Valdes' deposition is just another "scorched earth" tactic to harass a former political opponent and an attempt to distract from his improper conduct in regard to the Plaintiffs. In reality, Mr. Valdes' deposition is wholly unnecessary because when Mr. Greenberg decided to terminate the Plaintiffs shortly after taking office, he was in possession of all of the information he needed to come to that decision and defend that decision.[6]   There is simply no basis to allow Defendant to depose Mr. Valdes.

The true reason for Defendant's recent actions have come to light since entry of the Order. Intermediaries on behalf of, and political allies of, Mr. Greenberg have approached Mr. Valdes.  Mr. Valdes was told that "they" could make this deposition "go away" and "take care of" the Plaintiffs if Mr. Valdes could convince Mr. Greenberg's current opponent in the Republican primary to drop out of the race for Tax Collector.  Although Defendant's true motivations were not known at the time of the hearing before the Magistrate Judge, this Court must now intervene to avoid the abuse of the judicial system by Mr. Greenberg.

## PROCEDURAL HISTORY

Plaintiffs filed their Complaint against Defendant in the 18th Judicial Circuit in and for Seminole County, Florida (Dkt. 1-2).  The case was removed to federal court.  Defendant filed its Answer and Affirmative Defenses on October 9, 2018 (the "Answer").  (Dkt. 2) In its Answer, Defendant asserts that the Plaintiffs were all terminated because they failed to perform their essential duties.  (Dkt. 2)

Further, Defendant did not even assert any factual allegation in any denial, or allege any fact

---

[5] "*Pam Bondi: Seminole Tax Collector Joel Greenberg and staff shouldn't open carry guns*," Orlando Sentinel, Jan 4, 2019.
[6] Based on the Response filed by the Defendant, Mr. Greenberg admittedly lacked a legitimate basis to terminate any of the Plaintiffs.  As such, Defendant is now attempting to drag Mr. Valdes into this case simply to subterfuge the real issues being litigated.

in any Affirmative Defense, in response to the Plaintiff's Complaint that would require the testimony of Mr. Valdes.  (Doc. 2)  Defendant has not alleged that any of the Plaintiffs were terminated because of some alleged purchase of "tax certificates or tax deeds" or for working on the campaign of Mr. Valdes, or for an alleged "ethics investigation" or anything else involving Mr. Valdes  (Doc. 2) In fact, the only defense asserted by Defendant is that the Plaintiffs were terminated due to their "failure to perform the essential functions of their duties." (Doc. 2, p. 5) Simply put, Defendant is basing its defense on conduct that occurred *after* Mr. Valdes left office.

On May 14, 2020, Defendant served Mr. Valdes with an Amended Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena").  Despite the continued issues surrounding the COVID-19 pandemic, the Subpoena requires that Mr. Valdes appear in-person for a deposition.  In response to the Subpoena, Mr. Valdes filed his Motion seeking a protective order. On May 20, 2020, a hearing was held by the Magistrate Judge on Mr. Valdes' Motion.  At the hearing, Defendant again raised arguments, unsupported by any evidence, that Mr. Valdes committed "ethical violations" while serving as Tax Collector, and they should be allowed to question him regarding his purchase of tax certificates.  Plaintiffs, on the other hand, argued that any deposition of Mr. Valdes should be limited to the relevant issues, which is Plaintiffs' performance under Mr. Valdes and Plaintiffs' involvement in Mr. Valdes' 2016 election campaign.  Neither party presented any evidence to indicate that there is good cause to depose a former high-ranking public official, and did not present any evidence that this information could not be obtained from other persons or documents.

On May 22, 2020, the Magistrate Judge issued an Order Denying Mr. Valdes' Motion for Protective Order in full (the "Order").  (Doc. 36)  The Order is clearly erroneous and contrary to law for several reasons.  First, the Magistrate Judge failed to perform any analysis regarding the

6

arguments raised by Mr. Valdes concerning the heightened standard applied to depositions of current and former high-ranking officials.  (Doc. 36)  The Magistrate Judge did not determine if Mr. Valdes was entitled to heightened protection, did not determine if Defendant had exhibited "good cause" to depose a former high ranking official, and did not perform any analysis as to whether the information sought could be obtained from other persons.  (Doc. 36)  Second, the Magistrate Judge made no determination as to whether deposing Mr. Valdes was even relevant and proportional to the needs of the case.  (Doc. 36)  Instead, the Magistrate Judge made an unsupported factual finding in the Order that one of the Plaintiffs was "implicated in Mr. Valdes' ethics investigation." This is wholly incorrect and not supported by anything in the record (it is also outside the pleadings). Third, Defendant has not plead any defense that any of the Plaintiffs were terminated because of their alleged involvement with Mr. Valdes' business dealings. (Doc. 2) Therefore, this cannot be a basis to find that Mr. Valdes has personal knowledge and should be compelled to testify when the record indicates that it is not at issue. Fourth, the Magistrate Judge failed to shield Mr. Valdes, a non-party, from having to disclose his personal financial information, which is not permissible discovery and for which Mr. Valdes has an expectation of privacy.  Finally, the Magistrate Judge failed to consider and analyze whether appropriate limitations were proper to protect Mr. Valdes, a non-party, from harassment.  As such, the Order is clearly erroneous and contrary to law and must be overturned, or in the alternative, vacated and reversed to limit any deposition to only the areas of inquiry, subject matter, and time period which are relevant to this action.

## **Argument**

**I.    THE MAGISTRATE JUDGE FAILED TO APPLY THE CORRECT STANDARD AFFORDED TO HIGH RANKING OFFICIALS AND FAILED TO DETERMINE IF THE REQUESTED DISCOVERY COULD BE OBTAINED FROM OTHER PERSONS.**

The Magistrate Judge completely failed to apply the correct standard afforded to current and former public officials who are subjected to discovery.  Mr. Valdes, as the former Tax Collector for Seminole County, Florida, and a former public official, is entitled to heightened scrutiny when it comes to deposition requests which require a showing of more than just mere relevance.  Courts frequently restrict parties from deposing high ranking officials without personal knowledge of the issues being litigated "because [such persons] are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts." *Gray v. Kohl*, No. 07-10024, 2008 WL 1803643 (S.D. Fla. April 21, 2008) (quoting *Simon v. Pronational Ins. Co.*, No. 07-60757-CIV (S.D.Fla.2007)).

For example, in *Cruz v. Green*, No.: 18-60995-CIV (S.D. Fla. 2019), the court in the Southern District of Florida ruled on  a motion for protective order brought by former Broward County Sheriff Scott Israel, a non-party, relating to a request to depose him in a civil matter.  The court extended the heightened protection afforded to public officials to include former public officials.  The court applied the enhanced scrutiny analysis and required a showing of more than just relevance.  *Id.* at 2-3.  The court granted Mr. Israel's request for protective order, and held that even if Mr. Israel did have any personal knowledge, the parties should first seek discovery from other sources, including lower ranking officials.  *Id.* at 4.

In this case, Mr. Valdes, the former Tax Collector and a constitutional officer (just like former Sheriff Israel in the *Cruz* case), is former high-ranking official entitled to additional protection from this type of discovery.  The Order did not include any analysis or determination as to whether Mr. Valdes was entitled to heightened protection.  (Doc. 36) The Order contained no finding as to whether the requested discovery could be obtained from other sources.  (Doc. 36) There is nothing in the record to indicate that the Defendant even sought discovery from

other sources such as other managers or employees. Instead, the Magistrate Judge simply stated that he found the Plaintiffs' and Defendant's arguments to be "persuasive." (Doc. 36) Also, the Magistrate Judge did not even determine whether Mr. Valdes had personal knowledge of the "pertinent facts" which is a threshold issue to determine legal relevance.

Mr. Valdes served as the Tax Collector for Seminole County, Florida, for nearly three decades, and received much media attention during his last re-election campaign due to the antics, negative public comments, and smear campaign run by Mr. Greenberg. The Magistrate Judge was required to provide Mr. Valdes with heightened protection, and not simply deny his Motion by accepting Plaintiffs' and Defendant's arguments that he has personal knowledge. Even if Mr. Valdes had knowledge of the events that occurred after he left office (which he does not), The Magistrate Judge should also have considered whether Defendant could obtain the requested testimony from other means, including the depositions of lower ranking employees who may actually have knowledge of the Plaintiffs' job performance, which is the only thing relevant to the outcome of the case. The Magistrate Judge made no such determination. As such, the Order entered by the Magistrate Judge is clearly erroneous and contrary to law.

II.   **EVEN IF MR. VALDES WAS NOT ENTITLED TO HEIGHTENED PROTECTION, THE MAGISTRATE JUDGE FAILED TO APPLY THE CORRECT STANDARD WHEN RULING ON A DISCOVERY MOTION AND ORDERED DISCOVERY OF FINANCIAL INFORMATION WHICH IS NOT PERMITTED.**

The Magistrate Judge failed to apply the correct standard when ruling on a discovery issue, and therefore, the Order is clearly contrary to law. Rule 26(b)(1) sets forth the scope of permissible discovery in this action and states in relevant part as follows:

9

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P., 26(b)(1). In the Order, the Magistrate Judge made no determination that any testimony by Mr. Valdes would be relevant and proportional to the needs of the case, and neither of these elements are present here. (Doc. 36)

A. **Mr. Valdes' Testimony is not Relevant to any of the Claims or Defenses at issue in this Litigation and the Magistrate Judge failed to make this determination.**

Pursuant to FRCP Rule 26(b), the Magistrate Judge was required to determine if the deposition of Mr. Valdes is relevant to claims at issue. Fed. R. Civ. P., 26(b)(1). As explained above, and in Mr. Valdes' Motion, the basis for the Plaintiffs' allegations are that they were wrongfully terminated *after* Mr. Greenberg became Tax Collector. Mr. Valdes had already left office when the Plaintiffs were terminated. Mr. Valdes was not involved in the decision to terminate the Plaintiffs. Mr. Valdes was not present for any communications or discussions regarding the termination of the Plaintiffs. Mr. Valdes was not consulted regarding the decision to terminate the Plaintiffs. In reality, the Plaintiffs were terminated simply because they previously worked for Mr. Valdes.[7] (Dkt. 1-2) Counsel for the Defendant confirmed this fact at the hearing on Mr. Valdes' Motion, when he asserted that the reason the Plaintiffs were fired was because they worked for Mr. Valdes and Mr. Greenberg thought they were "tainted."

---

[7] It is only Mr. Greenberg who truly knows why they were fired, not Mr. Valdes.

10

Further, <u>Mr. Valdes was not even identified by the Defendant in its Rule 26 Initial Disclosures</u>. Mr. Valdes has no documents in regard to either party's claim or defense.  All employment records remain with Mr. Greenberg.  Defendant has not even plead a defense that mentions Mr. Valdes.  (Doc. 2) Defendant has not asserted any affirmative defense that involves Mr. Valdes. (Doc. 2)  As such, there is no legal relevance to any testimony of Mr. Valdes.  *See Paxton v. Landesk Software, Inc*., 332 F.R.D. 368 (M.D. Fla. 2019) (holding that the former employer failed to show how discovery sought from the former employee's prior employers was relevant or proportional to the needs of employee's discrimination case).

The only reason Defendant seeks to depose Mr. Valdes is to create a side-show and hope that Mr. Valdes will ask Mr. Greenberg's current political opponent to get out of the current race for Tax Collector.  (Doc. 28, 9-10) Defendant seeks to pressure Mr. Valdes by threatening to interrogate Mr. Valdes regarding criticisms that allegedly surfaced in a campaign 4 years ago, as well as Mr. Greenberg's personal beliefs (which have been rejected by the Florida Ethics Commission) that Mr. Valdes committed some "ethical violations." None of this information is relevant, and its absurd to suggest that this was the reason any of these Plaintiffs were terminated. Mr. Greenberg is the only one who needs to testify about his investigation and the facts he considered before terminating his employees.  Mr. Greenberg is simply carrying out a political vendetta against a former political rival, and create pressure on a current political rival, because Mr. Greenberg has no legitimate basis to support why he terminated the Plaintiffs.

**B.**    <u>**Defendants are not entitled to discovery from Mr. Valdes, a non-party, regarding his personal financial affairs.**</u>

11

Defendants, as indicated by their Response, seek to depose Mr. Valdes regarding his personal business dealings and financial affairs.[8]  This type of discovery is simply not permitted, and the Magistrate Judge committed clear error in failing to protect Mr. Valdes from this invasion of privacy.

In Florida, individuals have an expectation of privacy over their personal financial records.  *See Ochoa v. Empresas ICA, S.A.B de C.V.*, No. 11–23898–CIV at *6 (S.D. Fla. Aug.8, 2012); *Winfield v. Div. of Pari–Mutuel Wagering, Dep't Bus. Regulation*, 477 So.2d 544, 548 (Fla.1985) ("[W]e find that the law in the state of Florida recognizes an individual's legitimate expectation of privacy in financial institution records."); *Rappaport v. Mercantile Bank*, 17 So.3d 902, 906 (Fla. 2d DCA 2009) (Finding that individuals in Florida have a constitutional right to privacy of their financial records); *Woodward v. Berkery*, 714 So.2d 1027, 1035 (Fla. 4th DCA 1998) (finding that the constitution of the State of Florida contains an express right of privacy which includes personal financial records and information).  Additionally, Mr. Valdes is a non-party, and as such, his status as a non-party should have been considered by the Magistrate Judge in ruling on the Motion.  *See Cytodyne Techs., Inc. v. Biogenic Techs., Inc.*, 216 F.R.D. 533, 535 (M.D. Fla. 2003) (Finding that Rule 26(b) applies to discovery of non-parties and non-party status is considered by the court in weighing the burdens imposed in providing the requested discovery); *See also Fadalla v. Life Auto. Products, Inc.*, 258 F.R.D. 501, 511 (M.D. Fla. 2007) (Granting non-party's motion to quash to prevent disclosure of the non-party's financial information).

---

[8] Mr. Valdes, at the time he filed his Motion, was not aware that Defendant was seeking to depose him regarding his personal business dealings.  Mr. Valdes was only made aware of this fact after Defendant filed its Response.  Further, Defendant's Response was filed less than 2 days prior to the hearing on Mr. Valdes' Motion.  As such, Mr. Valdes did not have an opportunity to raise this issue in his Motion or file a Reply to Defendant's Response.

As referenced above, Defendants seek to depose Mr. Valdes and elicit testimony regarding his personal business dealings and his purchase of tax deeds from the Clerk of Court. Mr. Valdes unquestionably has a right to privacy under the Constitution of the State of Florida concerning his personal financial affairs. Further, he is a non-party to this lawsuit, and the pleadings indicate that Mr. Valdes' personal financial affairs are not at issue. As such, the Magistrate Judge clearly erred when he denied Mr. Valdes' Motion and failed to shield Mr. Valdes from testimony regarding his personal financial affairs.

**C.    The Magistrate Judge Failed to Perform Any Analysis Regarding the Requirement that Discovery Must Be Proportional to the Needs of the Case.**

The Magistrate Judge wholly failed to analyze any of the factors for determining if discovery is proportional to the needs of the case which include: a) "the importance of the issues at stake in the action;" b) "the amount in controversy;" c) "the parties' relative access to relevant information;" d) "the parties' resources;" and e) "the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P., 26(b)(1). Had the Magistrate Judge analyzed the proportionality issues, a different conclusion would have been reached.

**A) "The importance of the issues at stake in the action."** This is a typical wrongful discharge discrimination case. It has no great public importance. This case is not precedent setting. As such, discovery should be limited to just the parties and the issues pled.

**B) "The amount in controversy."** Although the amount in controversy is not clear from the record but it does not appear to be a significant sum.

**C) "The parties' relative access to relevant information."** The Defendant already has access to any and all of the Plaintiffs' prior employment records, employee files, performance

reviews, etc., which Mr. Greenberg presumably reviewed <u>before</u> deciding to terminate the Plaintiffs.  If Mr. Greenberg and the Defendant had a legitimate basis for terminating the Plaintiffs, then he can make the defense without Mr. Valdes' testimony.

**D) "The parties' resources."**  Mr. Valdes is an 82-year-old retiree living on a fixed income.  In comparison, the Defendant has in house counsel and a large private law firm at its disposal.  Defendant could easily obtain the information it seeks to elicit from Mr. Valdes by other means, including its own documents, interrogatories, and by deposing other individuals. Forcing Mr. Valdes to retain counsel for a deposition is not proportional to the needs of the case.

**E) "The importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit."**  There is no importance in obtaining testimony from Mr. Valdes in this matter due to his lack of involvement and personal knowledge.  Further, the burden placed upon Mr. Valdes in requiring him to testify clearly outweighs any likely benefit because it is obvious that the deposition is simply to harass Mr. Valdes and would not resolve any issues.

The deposition of Mr. Valdes, therefore, is not legally relevant to any of the claims or defenses in this matter and not proportional to the needs of the case.  This Court should protect Mr. Valdes by precluding, or at least limiting, the deposition of Mr. Valdes.

<u>Conclusion</u>

Mr. Valdes is a former high-ranking public official and is entitled to additional protection from harassing depositions (which is the only goal of the Defendant in this case).  The Magistrate Judge failed to perform any analysis to determine whether the Defendant had satisfied its heightened burden of showing good cause to depose a former high ranking official.  Further, the Magistrate Judge failed to analyze whether the Defendant could have obtained the information it

seeks from other sources. Instead, The Magistrate Judge simply accepted Defendant's unsupported argument that Mr. Valdes has personal knowledge, which is not the proper standard when ruling on this type of Motion.

Also, the Magistrate Judge failed to make a determination as to how Mr. Valdes testimony is relevant and proportional to the needs of the case.  Instead, The Magistrate Judge simply found that Mr. Valdes has "personal knowledge."  The testimony Defendant seeks to elicit from Mr. Valdes has no bearing on the actual issues being litigated, and is simply another attempt for Mr. Greenberg to harass Mr. Valdes and allow this case to devolve into a political side show that is not proportion to the needs of the case.  At a minimum, the Court is required to protect Mr. Valdes and the deposition must be limited as to scope, subject matter, time period and protections afforded to avoid any inquiry into Mr. Valdes' personal financial affairs.

WHEREFORE, Mr. Valdes respectfully requests that this Court reverse the Order Denying Mr. Valdes' Motion for Protective Order (Doc. 36), enter an order protecting Mr. Valdes from testifying in this matter, and provide for any other relief as the Court deems just and proper.

Dated:  June 5, 2020.

Respectfully submitted,

/s/ Cameron S. Frye
BART R. VALDES
Florida Bar Number 323380
CAMERON S. FRYE
Florida Bar Number 105142
de Beaubien, Simmons, Knight,
 Mantzaris & Neal, LLP
609 West Horatio Street
Tampa, Florida 33606
Telephone: (813) 251-5825

15

Facsimile: (813) 254-1063
bvaldes@dsklawgroup.com
cfrye@dsklawgroup.com
Attorneys for Non-Party Ray Valdes

## CERTIFICATE OF GOOD FAITH CONFERENCE

On or about June 4, 2020, Cameron Frye, counsel for Mr. Valdes, had a  conference with

Chase Hattaway, counsel for the Defendant, to try to resolve the issues set forth in the Motion.

The parties were unable to agree on the resolution of the issues set forth above.

/s/ Cameron S. Frye
CAMERON S. FRYE
Florida Bar Number 105142


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

electronically furnished through the CM/ECF filing system to: Chase Ellis Hattaway, Esq.,  and

Francis H. Sheppard, Esq., Rumberger, Kirk & Caldwell, PA, 300 S Orange Ave Ste 1400,

Orlando, FL 32801, chattaway@rumberger.com, fsheppard@rumberger.com; Richard Douglas

Sierra, Esq., Seminole County Tax Collector, 766 N Sun Dr., Suite 1090, Lake Mary, FL 32746,

richard.sierra@seminolecounty.tax; Bertha L. Burruezo, Esq., Carlos Burruezo, Esq., Deborah

Frimmel, Esq., Burruezo & Burruezo, PLLC, 911 Outer Rd., Orlando, FL 32814,

bertha@burruezolaw.com., on this 5th June, 2020.


/s/ Cameron S. Frye
CAMERON S. FRYE
Florida Bar Number 105142

16